IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

YALE and ANNIE SLOCUM, Individu- §
ally and as Representatives of §
The Estate of Wesley Slocum, §
And CHERYL SLOCUM, Individually §
and as Next Friend of W.S., §
§
    Plaintiff, §
§
VS. § CIVIL ACTION H-11-486
§
BRAD LIVINGTON, TROY SIMPSON, §
and OWEN MURRAY, M.D., §
§
    Defendant. §

**OPINION AND ORDER**

  Pending before the Court in the above referenced cause, alleging cruel and unusual punishment in the failure to provide insulin to, and thereby causing the death of, prisoner Wesley Slocum, is Defendants Murray, Livington and Simpson's opposed motion requesting protection from further discovery pending resolution of their qualified and Eleventh Amendment immunity (instrument #26), raised in their pending motions to dismiss.

  Plaintiffs have moved for leave to file a third amended complaint, a motion not yet ripe, in which they add a claim under Title II of the Americans With Disabilities Act of 1990 ("ADA"). They oppose the motion for protection on the grounds that they need discovery to determine what the prison's policies were, how they were enforced by training, and how they compare to the standards of other states and of the country. They further argue that sovereign

immunity has been waived under the ADA.

The governing complaint here is the Second Amended Complaint, which does not allege an ADA claim. Furthermore it is black letter law that "[u]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)("Until this threshold immunity question is resolved, discovery should not be allowed."); *Brown v. Texas A&M Univ.*, 804 F.3d 327, 333 (5th Cir. 1986).

Accordingly Defendants' motion for protection (#26) is GRANTED and discovery is STAYED until the Court resolves the immunity issues.

SIGNED at Houston, Texas, this 28th day of October, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE